### FRANK STEELE vs. THE STATE.

An act creating Courts of Common Pleas in certain counties, provided that " writs of error from justices of the peace shall be brought exclusively to said courts in the counties in which such judgments shall have been rendered." Another section expressly denied the courts all jurisdiction in criminal causes. The language quoted was repeated in a later act which changed the time for bringing writs of error, but made no other change in the law. Held that the courts had no jurisdiction of writs of error from the judgments of justices of the peace in criminal causes.

WRIT OF ERROR from the judgment of a justice of the peace in a criminal cause to the Court of Common Pleas of Hartford County. In this court the attorney for the state pleaded to the jurisdiction of the court, on the ground that the Superior Court had sole jurisdiction of the cause, and the court (*Briscoe, J.*) sustained the plea and dismissed the cause. The plaintiff in error thereupon brought the record before this court by motion in error.

*Goodman*, for the plaintiff in error.

*Hamersley*, State Attorney, for the defendant in error.

FOSTER, J. Had the Court of Common Pleas jurisdiction of this writ of error, is the question in this case.

The plaintiff in error relies on the first section of the act of 1870, entitled "An act in addition to acts creating and establishing Courts of Common Pleas." That section is in these words:—"Writs of error from judgments of justices of the peace shall be brought exclusively to the said court in the county in which said judgment was rendered, at any time within three years from the time of rendering such judgment." This language, it is claimed, is too clear and explicit to admit of construction, and confers the jurisdiction unless its fair import is to be denied.

However plain and simple words may be, they must always be taken in connection with the subject matter to which they relate. A Court of Common Pleas for each of the counties of Hartford and New Haven was established by an act passed in 1869. The court had exclusive original jurisdiction of certain matters in law and in equity, specified and pointed out in the third and fourth sections of the act. The jurisdiction conferred was over civil causes only ; and the third section of the act closes thus : "but said court shall have no jurisdiction over criminal causes, nor over appeals from probate, or petitions for divorce." The fifth section of the act gives appellate jurisdiction from all judgments of justices of the peace from which an appeal was then allowed by law, except in criminal causes ; the appeal to be taken exclusively to the next term of the court to be held in the county wherein the judgment appealed from was rendered. At the close of the fifth section is this clause :—" Writs of error from judgments of justices of the peace shall also be brought exclusively to the said court at the next term thereof, in the county in which such judgment was rendered."

We think it very clear that under this act the Court of Common Pleas had no jurisdiction of a writ of error in a criminal case. In the first place, no criminal jurisdiction is conferred upon the court in this act; jurisdiction over that subject must be left, therefore, to the court or courts to which the law had already committed it, for no court can be ousted of its jurisdiction by implication. In the next place, jurisdiction over criminal causes was expressly excluded in the

section conferring original jurisdiction; and in the section conferring appellate jurisdiction, criminal causes are specially excepted. No appeal can be taken to the court in criminal causes for the conclusive reason that the court has no criminal jurisdiction. Provision for bringing writs of error is made in this same section, the fifth, by the clause previously quoted; but we think the same exception, made to the taking of appeals, is made to taking writs of error. Neither an appeal nor a writ of error can be taken to this court from the judgment of a justice of the peace in a criminal cause.

We have thus far considered this case under the provisions of the act of 1869, which created the Courts of Common Pleas for Hartford and New Haven counties. The plaintiff relies on the first section of the act of 1870, which we have already quoted. The only substantial difference between this section of that act, and that of the previous year upon the same subject, is in regard to the time within which the writ of error must be brought. By the original act, it must be brought to the next term of the court in the county where the judgment was rendered; by the act of 1870, it may be brought at any time within three years after the rendering of the judgment. At the same session of the General Assembly a Court of Common Pleas was created for each of the counties of New London and Fairfield, clothed with the same powers as were bestowed upon that court for the counties of Hartford and New Haven. All criminal jurisdiction was expressly excluded from both these courts. In 1871, criminal jurisdiction was given to the court in New London county, but it was taken away in 1872.

We think that the Court of Common Pleas had no jurisdiction of this writ of error. The original act, creating the court, not only omitted to confer any criminal jurisdiction, but positively excluded its exercise. The act of 1870 conferred no new powers, no additional jurisdiction, but simply extended the time for bringing writs of error to three years; probably to make our law symmetrical on that subject. The term " exclusively," on which stress is laid by the plaintiff's counsel, as used in the act of 1869, may very properly be held

to apply to the particular term of the court, that is, the next term, to which alone writs of error could be brought. In 1870, when this time was extended to three years, the language of the original act upon this subject was, very naturally, copied, changing only the time. The word " exclusively" was retained, but we do not think the legislature intended that it should abridge the jurisdiction of any other court, or confer criminal jurisdiction on the Court of Common Pleas.

Certain other questions made we will not consider. The question of jurisdiction is decisive.

There is no error in the judgment complained of.

In this opinion the other judges concurred.